# Supreme Court of Florida

No. SC21-990

**IN RE: AMENDMENTS TO FLORIDA RULES OF CIVIL PROCEDURE, FLORIDA RULES OF GENERAL PRACTICE AND JUDICIAL ADMINISTRATION, FLORIDA RULES OF CRIMINAL PROCEDURE, FLORIDA PROBATE RULES, FLORIDA RULES OF TRAFFIC COURT, FLORIDA SMALL CLAIMS RULES, AND FLORIDA RULES OF APPELLATE PROCEDURE.**

July 14, 2022

PER CURIAM.

This matter is before the Court for consideration of proposed amendments to the Florida Rules of Civil Procedure, the Florida Rules of General Practice and Judicial Administration, the Florida Rules of Criminal Procedure, the Florida Probate Rules, the Florida Rules of Traffic Court, the Florida Small Claims Rules, and the Florida Rules of Appellate Procedure. The proposed amendments, which we adopt with modifications, provide permanent and broader authorization for the remote conduct of certain court proceedings.[1]

---

1. We have jurisdiction. *See* art. V, § 2(a), Fla. Const.

## I. BACKGROUND

Following the onset of the COVID-19 pandemic in 2020, the Court established the Workgroup on the Continuity of Court Operations and Proceedings During and After COVID-19 (Workgroup) "to develop findings and recommendations on the continuation of all court operations and proceedings statewide in a manner that protects health and safety and that addresses each [phase] of the pandemic." *In re: Workgroup on the Continuity of Court Operations and Proceedings During and After COVID-19*, Fla. Admin. Order No. AOSC20-28 (April 21, 2020). The Workgroup was also directed to "[i]dentify whether certain proceedings, due to efficiencies beneficial to stakeholders, could continue to be conducted remotely when COVID-19 no longer presents a significant risk to public health and safety," and the Workgroup was authorized to propose the necessary rule changes. *Id.*; *see also In re: Workgroup on the Continuity of Court Operations and Proceedings During and After COVID-19*, Fla. Admin. Order No. AOSC20-110 (November 23, 2020).

The Workgroup determined that permanent, broader authorization for remote proceedings was warranted based on the

positive outcomes and efficiencies observed during the pandemic. Therefore, the Workgroup filed the petition at issue in this case.[2] The Court published the proposed amendments for comment in the August 1, 2021, edition of *The Florida Bar News*. Numerous comments were filed, and the Workgroup filed a response suggesting extensive revisions based on the comments.

Having considered the proposed amendments, the comments, the Workgroup's response, and oral argument, the Court hereby adopts, with several changes, the Workgroup's proposals as modified by the Workgroup in response to the comments. We discuss some of the significant amendments below as well as the significant changes to the Workgroup's proposals.

---

2. While working to refine its proposals, the Workgroup identified the need for greater subject matter expertise for the proposed amendments in the areas of delinquency, dependency, and family law. Therefore, the Chief Justice referred responsibility for the review, revision, and finalization of proposed amendments in these areas to the Steering Committee on Families and Children in the Court. The Steering Committee's petition and proposed amendments are addressed in our decision in *In re Amendments to Florida Rules of Juvenile Procedure, Florida Family Law Rules of Procedure, & Florida Supreme Court Approved Family Law Forms*, Case No. SC22-1 (Fla. July 14, 2022), which is also released today.

## II. AMENDMENTS

A general authorization for court proceedings through communication technology now appears in Florida Rule of General Practice and Judicial Administration 2.530 (Communication Technology) and applies unless another rule of procedure or general law governs. However, contrary to the Workgroup's recommendation, we exclude Baker Act hearings from this general authorization to ensure that court procedure reflects this Court's constitutional holding in *Doe v. State*, 217 So. 3d 1020, 1026 (Fla. 2017), that "[t]he right to be present at an involuntary commitment hearing is a fundamental due process right."

The substantially rewritten rule 2.530 defines communication technology and allows a court official to authorize its use upon a party's written motion or at the discretion of the court official. A party may file an objection in writing within 10 days or within a period directed by the court official. But the court official is required to grant a motion to use communication technology for non-evidentiary proceedings scheduled for 30 minutes or less absent good cause to deny it. Under the amendments to rule 2.530, a motion to present testimony through communication technology

is required to set forth good cause and specify whether each party consents to the form requested. However, only audio-video communication technology (as opposed to audio communication technology) is authorized for the testimony of a person whose mental capacity or competency is at issue. The rule also allows the oath to be administered through audio-video communication technology by a person not physically present with the witness. Additionally, the rule allows prospective jurors to participate through communication technology to determine whether they will be disqualified, be excused, or have their service postponed. And rule 2.530 allows prospective jurors to participate in voir dire and empaneled jurors to participate in a trial through audio-video communication technology when authorized by another rule of procedure.

Among other amendments to the Florida Rules of General Practice and Judicial Administration, rule 2.516 (Service of Pleadings and Documents) is amended to require non-represented parties to designate an e-mail address to which service must be directed unless the party is in custody or the party is excused by the clerk of court from e-mail service after declaring that the party

does not have an e-mail account or does not have regular access to the internet. New forms are adopted for non-represented parties to request to be excused from e-mail service, to designate an e-mail address, and to change a mailing address or e-mail address. We modify the Workgroup's proposals to automatically excuse non-represented parties in custody from the requirements of e-mail service.

New Florida Rule of Criminal Procedure 3.116 (Use of Communication Technology) addresses the use of communication technology in criminal proceedings with delineated exceptions covered by other criminal rules. Except for its communication technology definitions, rule 2.530 does not apply in criminal proceedings. Upon the court's own motion or upon a party's written request, rule 3.116 authorizes a judge to direct that communication technology may be used by one or more parties for pretrial conferences, but the defendant or defendant's counsel must waive the defendant's physical attendance at pretrial conferences pursuant to rules 3.180(a)(3) and 3.220(*o*)(1). And rule 3.116 authorizes the judge to allow the taking of testimony through

communication technology if all parties consent and the defendant waives any otherwise applicable confrontation rights.

New Florida Rule of Civil Procedure 1.430(d) (Juror Participation Through Audio-Video Communication Technology) allows prospective jurors to participate in voir dire and empaneled jurors to participate in civil trials through audio-video communication when stipulated by the parties in writing and authorized by the court. Depositions can be taken via communication technology under Florida Rule of Civil Procedure 1.310 (Depositions Upon Oral Examination) when ordered by the court or without leave of court if stipulated by the parties. And the use of communication technology is authorized in mediation and arbitration by stipulation of the parties or by court order under Florida Rule of Civil Procedure 1.700 (Rules Common to Mediation and Arbitration).

Further, as for the Florida Small Claims Rules, we amend rule 7.150(b) to allow jurors in small claims cases to participate in voir dire and trials via audio-video communication technology when stipulated by the parties in writing and authorized by the court. We

also amend Florida Rule of Appellate Procedure 9.320 (Oral Argument) to address remote oral argument.

## III. CONCLUSION

Accordingly, the Florida Rules of Civil Procedure, the Florida Rules of General Practice and Judicial Administration, the Florida Rules of Criminal Procedure, the Florida Probate Rules, the Florida Rules of Traffic Court, the Florida Small Claims Rules, and the Florida Rules of Appellate Procedure are amended as set forth in the appendix to this opinion. New language is underscored; deletions are in struck-through type. The amendments shall become effective October 1, 2022, at 12:01 a.m.

We thank the Workgroup for its hard work and dedication in addressing this important matter. We also extend our appreciation to the commenters for their insight and assistance.

It is so ordered.

MUÑIZ, C.J., and CANADY, POLSTON, LABARGA, LAWSON, COURIEL, and GROSSHANS, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Civil Procedure, Florida Rules of General Practice and Judicial Administration, Florida Rules of Criminal Procedure, Florida Probate Rules, Florida Rules of Traffic

Court, Florida Small Claims Rules, and Florida Rules of Appellate Procedure

Judge Lisa T. Munyon, Chair, Workgroup on the Continuity of Court Operations, Orlando, Florida, and Kristina D. White, Chief of Innovations & Outreach Unit, Office of the State Courts Administrator, Tallahassee, Florida,

for Petitioner

Gabrielle Walthers, Clearwater, Florida; Armelle Keppler, Clearwater, Florida; Mark Ferguson, Clearwater, Florida; Patti Thompson, Clearwater, Florida; Art Neumann, Clearwater, Florida; Timothy Carleton, Clearwater, Florida; Betty L. Carleton, Clearwater, Florida; LaVonna Bledsoe, Belleair Bluffs, Florida; LaFonda Gorham, Clearwater, Florida; Barbara Benton, Clearwater, Florida; Janie Gibson, Clearwater, Florida; John P. Reed, Clearwater, Florida; Carlos Lores, Clearwater, Florida; Claire Coziahr, Clearwater, Florida; Santiago F. Lampón, Clearwater, Florida; Barry Coziahr, Clearwater, Florida; Mickey Pearson, Clearwater, Florida; Kathy Wach, Largo, Florida; Don Meuse, Palm Harbor, Florida; Steven L. Sherman, Clearwater, Florida; Gordon Baird, Clearwater, Florida; Diane Stein, on behalf of Citizens Commission on Human Rights of Florida, Clearwater, Florida; Maryann Ortenzio, Clearwater, Florida; Pam van der Linde, Clearwater, Florida; Barry Jaye, Clearwater, Florida; Ellen Stevenson, Dunedin, Florida; Patrice DiMartino, Clearwater, Florida; Eileen A. Heishman, Largo, Florida; Debra Witter, Dunedin, Florida; Brent Wolfson, Clearwater, Florida; Travis Stracener, Clearwater, Florida; Maurine Stracener, Clearwater, Florida; Colleen Stracener, Clearwater, Florida; Denise Weiss, Clearwater, Florida; Valorie Vogel, Homosassa, Florida; Colby Stracener, Clearwater, Florida; Joy Gendusa, on behalf of PostcardMania, Clearwater, Florida; Catherine Neumann, Clearwater, Florida; Jane L. Dodson, Clearwater, Florida; Don Strom, Clearwater, Florida; Sam Gendusa, Clearwater, Florida; Maggie Ramler, Clearwater, Florida; Bonnie DiMartino, Clearwater, Florida; Louise and Gregg Forscher, Dunedin, Florida; Janet Nelson, Largo, Florida; Terry Garcia, Clearwater, Florida; Armelle Keppler, Clearwater, Florida; Judi

Blum, Clearwater, Florida; Michael Simmons, Tampa, Florida; James Makan, Clearwater, Florida; Jacinthe Daigle, Clearwater, Florida; James Monroe Justice, Clearwater, Florida; Nicky Baker, Clearwater, Florida; Patrick Balvin, Clearwater, Florida; Douglas L. Wilson of The Wilson Law Firm, Naples, Florida; Judith Reed, Largo, Florida; Milton James, Clearwater, Florida; Janet K. Stephens, Clearwater, Florida; John Pison, Clearwater, Florida; Nathalie Ohana, Clearwater, Florida; Simon M. Harrison, Fort Myers, Florida; Carol A. Fischer, Clearwater, Florida; Jo Fuller, Clearwater, Florida; Kendra Copelan, Clearwater, Florida; Darlene Schneider, Clearwater, Florida; Kathy Sweigart, Florida; Joel Anderson, Clearwater, Florida; Victoria Silver, Clearwater, Florida; Larry Silver, Clearwater, Florida; Jennifer L. Welton, Palm Harbor, Florida; Annette Welton, Palm Harbor, Florida; William R. Welton, Palm Harbor, Florida; Alvan Balent, Jr., Miami, Florida; A. Michelle Jernigan of Upchurch Watson White & Max, Maitland, Florida; Sabrina Puglisi, on behalf of the Miami-Dade Bar, Miami, Florida; Lance V. Curry III, Chair, Civil Procedure Rules Committee, Tampa, Florida, and Jason P. Stearns, Past Chair, Civil Procedure Rules Committee, Tampa, Florida; Stephanie C. Zimmerman, Chair, Juvenile Court Rules Committee, Bradenton, Florida, and Candice K. Brower, Past Chair, Juvenile Court Rules Committee, Gainesville, Florida; A.J. Decker IV, Chair, Traffic Court Rules Committee, Lake City, Florida, and Carter T. Hillstrom, Past Chair, Traffic Court Rules Committee, Fort Lauderdale, Florida; Hon. Andrew D. Manko, Chair, Appellate Court Rules Committee, Tallahassee, Florida, and Laura A. Roe, Past Chair, Appellate Court Rules Committee, St. Petersburg, Florida; James Grier Pressly III, Co-Chair, Florida Probate Rules Committee, Palm Beach, Florida, Stacy B. Rubel, Co-Chair, Florida Probate Rules Committee, Coral Gables, Florida, and Cady L. Huss, Past Chair, Florida Probate Rules Committee, Sarasota, Florida; Cynthia Cohen, Chair, Criminal Procedure Rules Committee, West Palm Beach, Florida, and Alan Scott Apte, Past Chair, Criminal Procedure Rules Committee, Orlando, Florida; Cristen H. Martinez, Chair, Small Claims Rules Committee, Lutz, Florida, and Kevin McKinley Stone, Past Chair, Small Claims Rules Committee, Mount Dora, Florida; Hon Stephen R. Jewett, Chair, Rules of General Practice and Judicial Administration Committee, Orlando, Florida, and Stanford R. Solomon, Past Chair, Rules of

General Practice and Judicial Administration Committee, Tampa, Florida; Patrick Russell, Chair, Alternative Dispute Resolution Section of The Florida Bar, Miami, Florida; Jason B. Blank, Chair, Criminal Law Section of The Florida Bar, Fort Lauderdale, Florida, and Michael Ufferman, Chair, Comments Committee, Criminal Law Section of The Florida Bar, Tallahassee, Florida; Gary S. Lesser, President, The Florida Bar, Jacksonville, Florida, Michael G. Tanner, Past President, Jacksonville, Florida, Joshua E. Doyle, Executive Director, The Florida Bar, Krys Godwin and Mikalla Andies Davis, Bar Liaisons, The Florida Bar, Tallahassee, Florida; Judge Michael S. Orfinger, Chair, Committee on Alternative Dispute Resolution Rules and Policy, Daytona Beach, Florida, and Thomas A. David, Chief, Dispute Resolution Center, Tallahassee, Florida; Robert Wayne Evans of Allen, Norton & Blue, on behalf of Florida Sheriffs Association, Tallahassee, Florida; Katherine Alteneder on behalf of Self-Represented Litigation Network, Washington, District of Columbia; Peter Sleasman of Disability Rights Florida, Gainesville, Florida, Ann Siegel of Disability Rights Florida, Hollywood, Florida, Anthony DePalma of Disability Rights Florida, Tallahassee, Florida, Caitlyn Clibbon of Disability Rights Florida, Tallahassee, Florida, and Kathryn Strobach of Disability Rights Florida, Hollywood, Florida; Connie Bookman and Dominic C. MacKenzie on behalf of The Florida Bar Foundation, Maitland, Florida; Robert Wesley, Public Defender, David L. Redfearn, Catherine Conlon, and Robert T. Adams IV, Assistant Public Defenders, Ninth Judicial Circuit, Orlando, Florida; Christopher Buerger on behalf of National Legal Aid & Defender Association, Washington, District of Columbia; Howard L. Dimmig II, Carlos J. Martinez, and John Eddy Morrison, on behalf of Florida Public Defender Association, Inc., Miami, Florida; Meah R. Tell, Tamarac, Florida; Kelly R. Melchiondo, on behalf of Bilzin Sumberg Baena Price & Axelrod LLP, Miami, Florida; Anthony C. Musto, on behalf of Florida Civil Legal Aid Association, Hallandale Beach, Florida, Monica Vigues-Pitan, and Leslie N. Powell, on behalf of Florida Civil Legal Aid Association, Miami, Florida; Martha Lenderman, Dunedin, Florida; Siobhan H. Shea of Sheappeals PLLC, Palm Beach, Florida, and Susan Stefan, Rutland, Massachusetts,

Responding with comments

# Appendix

## RULE 1.310.   DEPOSITIONS UPON ORAL EXAMINATION

**(a)** [No Change]

**(b)   Notice; Method of Taking; Production at Deposition.**

(1)-(3) [No Change]

(4)    Any deposition may be audiovisually recorded ~~by videotape~~ without leave of the court or stipulation of the parties, provided the deposition is taken in accordance with this subdivision.

(A)    Notice. In addition to the requirements in subdivision (b)(1), ~~A~~a party intending to ~~videotape~~audiovisually record a deposition must:

i.    state ~~in the notice~~ that the deposition is to be ~~videotaped~~audiovisually recorded in the title of the notice; and

ii.    identify the method for audiovisually recording the deposition and ~~must give~~, if applicable, provide the name and address of the operator of the audiovisual recording equipment in the body of the notice.

~~Any subpoena served on the person to be examined must state the method or methods for recording the testimony.~~

(B)    Stenographer. ~~Videotaped~~Audiovisually recorded depositions must also be recorded stenographically, unless all parties agree otherwise.

(C)    Procedure. At the beginning of the deposition, the officer before whom it is taken must, on camera: (i) identify the style of the action, (ii) state the date, and (iii) ~~swear~~put the witness under oath as provided in subdivision (c)(1).

(D) ~~Custody of Tape~~Responsibility for Recordings and Copies. The attorney for the party <u>or the pro se party</u> requesting the ~~videotaping~~<u>audiovisual recording</u> of the deposition ~~must take custody of and be~~<u>is</u> responsible for ~~the~~ safeguarding ~~of~~ the ~~videotape~~<u>recording</u>, must permit the viewing of it by the opposing party, and, if requested, must provide <u>access to </u>a copy of the ~~videotape~~<u>recording</u> at the expense of the party requesting the copy.

(E) Cost of ~~Videotaped~~<u>Audiovisually Recorded</u> Depositions. The party requesting the ~~videotaping~~<u>audiovisual recording</u> must bear the initial cost of ~~videotaping~~<u>the recording</u>.

(5)-(6) [No Change]

(7) <u>A deposition may be taken by communication technology, as that term is defined in Florida Rule of General Practice and Judicial Administration 2.530, if stipulated by the parties or if ordered by the court on its own motion or </u>~~O~~<u>o</u>n motion ~~the court may order that the testimony at a deposition be taken by telephone~~<u>of a party</u>. The order may prescribe the manner in which the deposition will be taken. ~~A party may also arrange for a stenographic transcription at that party's own initial expense.~~ <u>In addition to the requirements of subdivision (b)(1), a party intending to take a deposition by communication technology must:</u>

<u>(A) state that the deposition is to be taken using communication technology in the title of the notice; and</u>

<u>(B) identify the specific form of communication technology to be used and provide instructions for access to the communication technology in the body of the notice.</u>

(8) [No Change]

**(c) Examination and Cross-Examination; Record of Examination; Oath; Objections<u>; Transcription</u>.**

- 13 -

(1)    Examination and cross-examination of witnesses may proceed as permitted at the trial. The officer before whom the deposition is to be taken must put the witness ~~on~~under oath and must personally, or by someone acting under the officer's direction and in the officer's presence, record the testimony of the witness, except that when a deposition is being taken by ~~telephone~~communication technology under subdivision (b)(7), the witness must be ~~sworn by a person present with the witness who is qualified to administer an oath in that location~~ put under oath as provided in Florida Rule of General Practice and Judicial Administration 2.530(b)(2)(B). The testimony must be taken stenographically or audiovisually recorded ~~by any other means ordered in accordance with~~under subdivision (b)(4) ~~of this rule~~. ~~If requested by one of the parties, the testimony must be transcribed at the initial cost of the requesting party and prompt notice of the request must be given to all other parties.~~ All objections made at the time of the examination to the qualifications of the officer taking the deposition, the manner of taking it, the evidence presented, or the conduct of any party, and any other objection to the proceedings must be noted by the officer on the deposition. Any objection during a deposition must be stated concisely and in a nonargumentative and nonsuggestive manner. A party may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation on evidence directed by the court, or to present a motion under subdivision (d). Otherwise, evidence objected to must be taken subject to the objections. Instead of participating in the oral examination, parties may serve written questions in a sealed envelope on the party taking the deposition and that party must transmit them to the officer, who must propound them to the witness and record the answers verbatim.

(2)    If requested by a party, the testimony must be transcribed at the initial cost of the requesting party and prompt notice of the request must be given to all other parties. A party who intends to use an audio or audiovisual recording of testimony at a hearing or trial must have the testimony transcribed and must file a copy of the transcript with the court.

**(d)-(h)** [No Change]

- 14 -

**Committee Notes**

[No Change]

**Court Commentary**

[No Change]

## RULE 1.320.  DEPOSITIONS UPON WRITTEN QUESTIONS

**(a)** [No Change]

**(b)  Officer to Take Responses and Prepare Record.** A copy of the notice and copies of all questions served must be delivered by the party taking the depositions to the officer designated in the notice, who must proceed promptly to take the testimony of the witness in the manner provided by rules 1.310(c), (e), and (f) in response to the questions and to prepare the deposition, attaching the copy of the notice and the questions received by the officer. The questions must not be filed separately from the deposition unless a party seeks to have the court consider the questions before the questions are submitted to the witness. Any deposition may be audiovisually recorded ~~by videotape~~ without leave of the court or stipulation of the parties, provided the deposition is taken in accordance with rule 1.310(b)(4).

**Committee Notes**

[No Change]

## RULE 1.410.  SUBPOENA

**(a)-(d)** [No Change]

**(e)  Subpoena for Taking Depositions.**

- 15 -

(1)    Filing a notice to take a deposition as provided in rule 1.310(b) or 1.320(a) with a certificate of service on it showing service on all parties to the action constitutes an authorization for the issuance of subpoenas for the persons named or described in the notice by the clerk of the court in which the action is pending or by an attorney of record in the action. The subpoena must state the method for recording the testimony. A party intending to audiovisually record a deposition must state in the subpoena that the deposition is to be audiovisually recorded and identify the method for audiovisually recording the deposition, including, if applicable, the name and address of the operator of the audiovisual recording equipment. If a party intends to take a deposition by communication technology, the subpoena must state the deposition is to be taken using communication technology, identify the specific form of communication technology to be used, and provide instructions for access to the communication technology. The subpoena may command the person to whom it is directed to produce designated books, documents, or tangible things that constitute or contain evidence relating to any of the matters within the scope of the examination permitted by rule 1.280(b), but in that event the subpoena will be subject to the provisions of rule 1.280(c) and subdivision (c) of this rule. Within 10 days after its service, or on or before the time specified in the subpoena for compliance if the time is less than 10 days after service, the person to whom the subpoena is directed may serve written objection to inspection or copying of any of the designated materials. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials except pursuant to an order of the court from which the subpoena was issued. If objection has been made, the party serving the subpoena may move for an order at any time before or during the taking of the deposition on notice to the deponent.

(2) [No Change]

**(f)-(h)** [No Change]

## Committee Notes

- 16 -

**RULE 1.430.    DEMAND FOR JURY TRIAL; WAIVER**

**(a)-(c)** [No Change]

**(d)    Juror Participation Through Audio-Video Communication Technology.** Prospective jurors may participate in voir dire or empaneled jurors may participate in the jury trial through audio-video communication technology, as described in Florida Rule of General Practice and Judicial Administration 2.530(c), if stipulated by the parties in writing and authorized by the court. The written stipulation and a written motion requesting authorization must be filed with the court within 60 days after service of a demand under subdivision (b) or within such other period as may be directed by the court.

**(d̶e)  Waiver.** A party who fails to serve a demand as required by this rule waives trial by jury. If waived, a jury trial may not be granted without the consent of the parties, but the court may allow an amendment in the proceedings to demand a trial by jury or order a trial by jury on its own motion. A demand for trial by jury may not be withdrawn without the consent of the parties.

**Committee Notes**

[No Change]

**RULE 1.440.    SETTING ACTION FOR TRIAL**

**(a)** [No Change]

**(b)    Notice for Trial.** Thereafter any party may file and serve a notice that the action is at issue and ready to be set for trial. The notice s̶h̶a̶l̶l̶must include an estimate of the time required, indicate whether the trial is to be by a jury or not̶, and whether the trial is on the original action or a subsequent proceeding, and, if

- 17 -

applicable, indicate that the court has authorized the participation of prospective jurors or empaneled jurors through audio-video communication technology under rule 1.430(d). The clerk ~~shall~~must then submit the notice and the case file to the court.

**(c)-(d)** [No Change]

### Committee Notes

[No Change]

### Court Commentary

[No Change]

## ~~RULE 1.451.   TAKING TESTIMONY~~

~~**(a)   Testimony at Hearing or Trial.** When testifying at a hearing or trial, a witness must be physically present unless otherwise provided by law or rule of procedure.~~

~~**(b)   Communication Equipment.** The court may permit a witness to testify at a hearing or trial by contemporaneous audio or video communication equipment (1) by agreement of the parties or (2) for good cause shown upon written request of a party upon reasonable notice to all other parties. The request and notice must contain the substance of the proposed testimony and an estimate of the length of the proposed testimony. In considering sufficient good cause, the court shall weigh and address in its order the reasons stated for testimony by communication equipment against the potential for prejudice to the objecting party.~~

~~**(c)   Required Equipment.** Communication equipment as used in this rule means a conference telephone or other electronic device that permits all those appearing or participating to hear and speak to each other simultaneously and permits all conversations of all parties to be audible to all persons present. Contemporaneous video communications equipment must make the witness visible to~~

- 18 -

all participants during the testimony. For testimony by any of the foregoing means, there must be appropriate safeguards for the court to maintain sufficient control over the equipment and the transmission of the testimony so the court may stop the communication to accommodate objection or prevent prejudice.

**(d)    Oath.** Testimony may be taken through communication equipment only if a notary public or other person authorized to administer oaths in the witness's jurisdiction is present with the witness and administers the oath consistent with the laws of the jurisdiction.

**(e)    Burden of Expense.** The cost for the use of the communication equipment is the responsibility of the requesting party unless otherwise ordered by the court.

## Committee Note

**2013 Adoption.** This rule allows the parties to agree, or one or more parties to request, that the court authorize presentation of witness testimony by contemporaneous video or audio communications equipment. A party seeking to present such testimony over the objection of another party must still satisfy the good-cause standard. In determining whether good cause exists, the trial court may consider such factors as the type and stage of proceeding, the presence or absence of constitutionally protected rights, the importance of the testimony to the resolution of the case, the amount in controversy in the case, the relative cost or inconvenience of requiring the presence of the witness in court, the ability of counsel to use necessary exhibits or demonstrative aids, the limitations (if any) placed on the opportunity for opposing counsel and the finder of fact to observe the witness's demeanor, the potential for unfair surprise, the witness's affiliation with one or more parties, and any other factors the court reasonably deems material to weighing the justification the requesting party has offered in support of the request to allow a witness to testify by communications equipment against the potential for prejudice to the objecting party. With the advance of technology, the cost and

- 19 -

~~availability of contemporaneous video testimony may be considered by the court in determining whether good cause is established for audio testimony.~~

## RULE 1.700.   RULES COMMON TO MEDIATION AND ARBITRATION

(a)   **Referral by Presiding Judge or by Stipulation.** Except as hereinafter provided or as otherwise prohibited by law, the presiding judge may enter an order referring all or any part of a contested civil matter to mediation or arbitration. The parties to any contested civil matter may file a written stipulation to mediate or arbitrate any issue between them at any time. ~~Such stipulation shall be incorporated into the order of referral.~~The order of referral or written stipulation may provide for mediation or arbitration to be conducted in person, through the use of communication technology as that term is defined in Florida Rule of General Practice and Judicial Administration 2.530, or by a combination thereof. Absent direction in the order of referral, mediation or arbitration must be conducted in person, unless the parties stipulate or the court, on its own motion or on motion by a party, otherwise orders that the proceeding be conducted by communication technology or by a combination of communication technology and in-person participation.

(1)   *Conference or Hearing Date.* Unless otherwise ordered by the court, the first mediation conference or arbitration hearing ~~shall~~must be held within 60 days of the order of referral.

(2)   *Notice.* Within 15 days after the designation of the mediator or the arbitrator, the court or its designee, who may be the mediator or the chief arbitrator, ~~shall~~must notify the parties in writing of the date, the time, and, as applicable, the place of the conference or hearing and the instructions for access to communication technology that will be used for the conference or hearing, unless the order of referral, other order of the court, or written stipulation specifies ~~the date, time, and place~~this information.

- 20 -

**(b)-(d)** [No Change]


## RULE 1.720.   MEDIATION PROCEDURES

**(a)** [No Change]

**(b)   Appearance at Mediation.** ~~Unless otherwise permitted by court order or stipulated by the parties in writing, a~~<u>A</u> party is deemed to appear at a mediation conference if the following persons are physically present <u>or, if authorized under rule 1.700(a), participating through the use of communication technology</u>:

(1)-(3) [No Change]

**(c)** [No Change]

**(d)   Appearance by Public Entity.** If a party to mediation is a public entity required to operate in compliance with chapter 286, Florida Statutes, that party ~~shall be~~<u>is</u> deemed to appear at a mediation conference by the ~~physical~~ presence of a representative with full authority to negotiate on behalf of the entity and to recommend settlement to the appropriate decision-making body of the entity. <u>Such representative may be physically present or, if authorized under rule 1.700(a), may participate through the use of communication technology.</u>

**(e)   Certification of Authority.** Unless otherwise stipulated by the parties, each party, 10 days prior to appearing at a mediation conference, ~~shall~~<u>must</u> file with the court and serve all parties a written notice identifying the person or persons who will ~~be attending~~<u>appear at</u> the mediation conference as a party representative or as an insurance carrier representative, and confirming that those persons have the authority required by subdivision (b).

**(f)-(k)** [No Change]

- 21 -

## Committee Notes

[No Change]

## RULE 1.730.  COMPLETION OF MEDIATION

**(a)**    [No Change]

**(b)    Agreement.** If a partial or final agreement is reached, it ~~shall~~must be reduced to writing and signed by the parties and their counsel, if any. Signatures may be original, electronic, or facsimile and may be in counterparts. The agreement ~~shall~~must be filed when required by law or with the parties' consent. A report of the agreement ~~shall~~must be submitted to the court or a stipulation of dismissal ~~shall~~will be filed. By stipulation of the parties, the agreement may be transcribed or electronically recorded. In such event, the transcript may be filed with the court. The mediator ~~shall~~must report the existence of the signed or transcribed agreement to the court without comment within 10 days thereof. No partial or final agreement under this rule ~~shall~~may be reported to the court except as provided herein.

**(c)    Enforceability.** The parties may not object to the enforceability of an agreement on the ground that communication technology was used for participation in the mediation conference if such use was authorized under rule 1.700(a).

**(ed)  Imposition of Sanctions.** In the event of any breach or failure to perform under the agreement, the court upon motion may impose sanctions, including costs, attorneys' fees, or other appropriate remedies including entry of judgment on the agreement.

## Committee Notes

[No Change]

**RULE 1.750.   COUNTY COURT ACTIONS**

**(a)–(d)** [No Change]

**(e)    Appearance at Mediation.** In small claims actions, an attorney may appear on behalf of a party at mediation provided that the attorney has full authority to settle without further consultation. Unless otherwise ordered by the court, a nonlawyer representative may appear on behalf of a party to a small claims mediation if the representative has the party's signed written authority to appear and has full authority to settle without further consultation. In either event, the party need not appear in person. In any other county court action, a party will be deemed to appear if the persons set forth in rule 1.720(b) are physically present or, if authorized under rule 1.700(a), participating through the use of communication technology.

**(f)    Agreement.** Any agreements reached as a result of small claims mediation ~~shall~~must be written in the form of a stipulation. The stipulation may be entered as an order of the court. Signatures for the stipulation may be original, electronic, or facsimile and may be in counterparts.

**RULE 1.830.   VOLUNTARY BINDING ARBITRATION**

**(a)    Absence of Party Agreement.**

(1) [No Change]

(2)    *Hearing Procedures.* Subject to these rules and section 44.104, Florida Statutes, the parties may, by written agreement before the hearing, establish the hearing procedures for voluntary binding arbitration, including the use of communication technology as that term is defined in Florida Rule of General Practice and Judicial Administration 2.530. In the absence of such agreement, the court shall establish the hearing procedures.

- 23 -

**(b)-(c)** [No Change]


## RULE 2.256.   JUROR TIME MANAGEMENT

**(a)-(b)** [No Change]

**(c)**   ~~Courtroom~~ **Assignment.** Each prospective juror who has reported ~~to the courthouse~~<u>for jury duty</u> should be assigned ~~a courtroom~~ for voir dire before any prospective juror is assigned a second time.

**(d)** [No Change]


## RULE 2.451.   USE OF ELECTRONIC DEVICES

**(a)** [No Change]

**(b)**   **Use of Electronic Devices by Jurors <u>During Proceedings Conducted In Person</u>.** <u>If jurors participate in a court proceeding in person, the following provisions govern:</u>

(1)   Electronic devices~~, as that term is defined in subdivision (a),~~ may be removed as directed by the presiding judge from all members of a jury panel at any time before deliberations, but such electronic devices must be removed from all members of a jury panel before jury deliberations begin. The electronic devices will be removed and appropriately secured by the bailiff or other person designated by the chief judge.

(2)   Any electronic devices removed from members of a jury panel may be returned to the members of the jury panel during recesses in the trial. When jurors are sequestered, the presiding judge may determine whether the electronic devices will be removed from jurors during ~~the entire period~~<u>any portion</u> of sequestration.

(3)-(5) [No Change]

**(c)     Use of Electronic Devices by Jurors During Proceedings Conducted by Audio-Video Communication Technology.** When prospective jurors participate in voir dire or empaneled jurors participate in a trial through audio-video communication technology as described in rule 2.530(c) and authorized by another rule of procedure, the following provisions govern:

(1)     Presiding judges should ensure that the prospective and empaneled jurors have the technical ability and means necessary to connect to and participate in the court proceeding.

(2)     Prospective and empaneled jurors may not use an electronic device during a court proceeding, except for the sole purpose of participating in the court proceeding, unless otherwise authorized by the presiding judge. When empaneled jurors are sequestered, the presiding judge may determine whether any electronic devices may be used by those jurors during any portion of sequestration.

(3)     Prospective and empaneled jurors are subject to the prohibitions specified in subdivision (b)(3).

(4)     Nothing in this rule is to be construed to limit or impair the authority of a chief judge or presiding judge to grant permission to a prospective or an empaneled juror to use his or her electronic device during a court proceeding.

(5)     The jury summons mailed to prospective jurors who may participate in voir dire or trial through audio-video communication technology should contain a notice indicating that electronic devices may not be used during those court proceedings except for the sole purpose of participating in the court proceeding, unless otherwise authorized by the presiding judge. The summons should also indicate that the use of electronic devices may be prohibited by a presiding judge during a period of sequestration. At the beginning of voir dire and trial, the presiding judge should advise the prospective and empaneled jurors about the prohibition

against using electronic devices during the court proceeding for any purpose other than participating in the court proceeding.

(e~~d~~)  **Use of Electronic Devices by Others.**

(1)-(2) [No Change]

**Committee Note**

[No Change]

**RULE 2.515.   SIGNATURE AND CERTIFICATES OF ATTORNEYS AND PARTIES**

(a)   **Attorney's Signature and Certificates.** Every document of a party represented by an attorney ~~shall~~must be signed by at least 1 attorney of record in that attorney's individual name whose current record Florida Bar address, telephone number, including area code, primary e-mail address and secondary e-mail addresses, if any, and Florida Bar number ~~shall~~must be stated, and who ~~shall~~must be duly licensed to practice law in Florida or who ~~shall~~must have received permission to appear in the particular case as provided in rule 2.510. The attorney may be required by the court to give the address and primary e-mail address and secondary e-mail addresses, if any, of, and to vouch for the attorney's authority to represent, the party. Except when otherwise specifically provided by an applicable rule or statute, documents need not be verified or accompanied by affidavit. The signature of an attorney shall constitute a certificate by the attorney that:

(1)-(4) [No Change]

(b)   **Pro Se Litigant Signature.** A party who is not represented by an attorney ~~shall~~must sign any document and state the party's address; primary e-mail address and secondary e-mail addresses, if any; and telephone number, including area code.

(c) [No Change]

- 26 -

# RULE 2.516.   SERVICE OF PLEADINGS AND DOCUMENTS

**(a)** [No Change]

**(b)**   **Service; How Made.** When service is required or permitted to be made upon a party represented by an attorney, service must be made upon the attorney unless service upon the party is ordered by the court.

(1)   *Service by Electronic Mail ("e-mail").* All documents required or permitted to be served on another party must be served by e-mail, unless the parties otherwise stipulate or this rule otherwise provides. A filer of an electronic document has complied with this subdivision if the Florida Courts e-filing Portal ("Portal") or other authorized electronic filing system with a supreme court approved electronic service system ("e-Service system") served the document by e-mail or provided a link by e-mail to the document on a website maintained by a clerk ("e-Service"). The filer of an electronic document must verify that the Portal or other e-Service system uses the names and e-mail addresses provided by the parties pursuant to subdivision (b)(1)(A).

(A)   Service on Attorneys. Unless excused pursuant to subdivision (b)(1)(B), Uupon appearing in a proceeding an attorney must designate a primary e-mail address and may designate no more than two secondary e-mail addresses and is responsible for the accuracy of and changes to that attorney's own e-mail addresses maintained by the Portal or other e-Service system. Thereafter, service must be directed to all designated e-mail addresses in that proceeding. Every document filed or served by an attorney thereafter must include the primary e-mail address of that attorney and any secondary e-mail addresses. If an attorney does not designate any e-mail address for service, documents may be served on that attorney at the e-mail address on record with The Florida Bar.

(B) [No Change]

(C)  Service on and by Parties Not Represented by an Attorney. Unless excused pursuant to subdivision (b)(1)(D), ~~A~~any party not represented by an attorney ~~may~~must serve a designation of a primary e-mail address and also may designate no more than two secondary e-mail addresses to which service must be directed in that proceeding by the means provided in subdivision (b)(1) of this rule. ~~If a party not represented by an attorney does not designate an e-mail address for service in a proceeding, service on and by that party must be by the means provided in subdivision (b)(2).~~

(D)  Exceptions to E-mail Service on and by Parties Not Represented by an Attorney.

(i)  A party who is in custody and who is not represented by an attorney is excused from the requirements of e-mail service.

(ii)  The clerk of court must excuse a party who is not represented by an attorney from the requirements of e-mail service if the party declares on Florida Rule of General Practice and Judicial Administration Form 2.601, under penalties of perjury, that the party does not have an e-mail account or does not have regular access to the Internet. The clerks of court shall make this form available to the public at their offices and on their websites.

If a party not represented by an attorney is excused from e-mail service, service on and by that party must be by the means provided in subdivision (b)(2).

(~~D~~E)  Time of Service. Service by e-mail is complete on the date it is sent.

(i)-(ii) [No Change]

(~~E~~F)  Format of E-mail for Service. Service of a document by e-mail is made by an e-mail sent to all addresses designated by the attorney or party not represented by an attorney

- 28 -

with either (a) a copy of the document in PDF format attached or (b) a link to the document on a website maintained by a clerk.

(i)-(iv) [No Change]

(2)    *Service by Other Means.* In addition to, and not in lieu of, service by e-mail, service may also be made upon attorneys and parties not represented by an attorney by any of the means specified in this subdivision. If a document is served by more than one method of service, the computation of time for any response to the served document shallmust be based on the method of service that provides the shortest response time. Service on and by all parties who are not represented by an attorney and who do not designate an e-mail addressare excused from e-mail service, and on and by all attorneys excused from e-mail service, must be made by delivering a copy of the document or by mailing it to the party or attorney at their last known address or, if no address is known, by noting the non-service in the certificate of service, and stating in the certificate of service that a copy of the served document may be obtained, on request, from the clerk of the court or from the party serving the document. Service by mail is complete upon mailing. Delivery of a copy within this rule is complete upon:

(A)-(E) [No Change]

(F)    Service by delivery shall beis deemed complete on the date of delivery.

**(c)-(g)** [No Change]

**(h)    Service of Orders.**

(1)    A copy of all orders or judgments must be transmitted by the court or under its direction to all parties at the time of entry of the order or judgment. No service need be made on parties against whom a default has been entered except orders setting an action for trial and final judgments that must be prepared and served as provided in subdivision (h)(2). The court may require that orders or judgments be prepared by a party, may

require the party to furnish the court with stamped, addressed envelopes for service of the order or judgment, and may require that proposed orders and judgments be furnished to all parties before entry by the court of the order or judgment. The court may serve any order or judgment by e-mail to all attorneys and parties not represented by an attorney who have not been excused from e-mail service and to all parties not represented by an attorney who have designated an e-mail address for service.

(2)-(3) [No Change]


## RULE 2.530.    COMMUNICATION ~~EQUIPMENT~~TECHNOLOGY

**(a)    Definitions.** ~~Communication equipment means a conference telephone or other electronic device that permits all those appearing or participating to hear and speak to each other, provided that all conversation of all parties is audible to all persons present.~~The following definitions apply to this rule:

(1)    "Audio communication technology" means electronic devices, systems, applications, or platforms that permit all participants to hear and speak to all other participants in real time.

(2)    "Audio-video communication technology" means electronic devices, systems, applications, or platforms that permit all participants to hear, see, and speak to all other participants in real time.

(3)    "Communication technology" means audio communication technology or audio-video communication technology.

(4)    "Court official" means a county or circuit court judge, general magistrate, special magistrate, or hearing officer.

**(b)    ~~Use by All Parties~~Generally.** ~~A county or circuit court judge may, upon the court's own motion or upon the written request of a party, direct that communication equipment be used~~

~~for a motion hearing, pretrial conference, or a status conference. A judge must give notice to the parties and consider any objections they may have to the use of communication equipment before directing that communication equipment be used. The decision to use communication equipment over the objection of parties will be in the sound discretion of the trial court, except as noted below.~~ Unless governed by another rule of procedure or general law and with the exception of civil proceedings for involuntary commitment pursuant to section 394.467, Florida Statutes, communication technology may be used for all proceedings before a court official, as provided by this rule. Subject to subdivision (b)(1) or (b)(2), if applicable, a court official may authorize the use of communication technology for the presentation of testimony or for other participation in a proceeding upon the written motion of a party or at the discretion of the court official. Reasonable advance notice of the specific form of communication technology to be used and directions for access to the communication technology must be provided in the written motion or in a written notice from the court official exercising discretion. The motion or notice must be served on all who are entitled to notice of the proceeding. A party may file an objection in writing to the use of communication technology within 10 days after service of the motion or notice or within such other period as may be directed by the court official. A party waives objections to the use of communication technology by failing to timely object to the motion or notice unless, before the date of the proceeding, the party establishes good cause for the failure to timely object. A courtesy copy of the written motion or objection must be provided to the court official in an electronic or a paper format as directed by the court official. The court official must consider any objection before authorizing the use of communication technology. The decision to authorize the use of communication technology over objection shall be in the discretion of the court official.

**(c)     Use Only by Requesting Party.** ~~A county or circuit court judge may, upon the written request of a party upon reasonable notice to all other parties, permit a requesting party to participate through communication equipment in a scheduled motion hearing; however, any such request (except in criminal, juvenile, and appellate proceedings) must be granted, absent a showing of good~~

- 31 -

~~cause to deny the same, where the hearing is set for not longer than 15 minutes.~~

(1)    *Non-Evidentiary Proceedings.* A court official must grant a motion to use communication technology for a non-evidentiary proceeding scheduled for 30 minutes or less unless the court official determines that good cause exists to deny the motion.

(2)    *Testimony.*

(A)    Procedure. A written motion by a party to present testimony through communication technology must set forth good cause why the testimony should be allowed in the specific form requested and must specify whether each party consents to the form requested. In determining whether good cause exists, the court official may consider, without limitation, the technological capabilities of the courtroom, how the presentation of testimony through communication technology advances the proceeding or case to resolution, the consent of the parties, the time-sensitivity of the matter, the nature of the relief sought and the amount in controversy in the case, the resources of the parties, the anticipated duration of the testimony, the need and ability to review and identify documents during testimony, the probative value of the testimony, the geographic location of the witness, the cost and inconvenience in requiring the physical presence of the witness, the need to observe the demeanor of the witness, the potential for unfair surprise, and any other matter relevant to the request.

**~~(d)    Testimony.~~**

~~(1)    *Generally.* A county or circuit court judge, general magistrate, special magistrate, or hearing officer may allow testimony to be taken through communication equipment if all parties consent or if permitted by another applicable rule of procedure.~~

~~(2)    *Procedure.* Any party desiring to present testimony through communication equipment shall, prior to the hearing or trial at which the testimony is to be presented, contact all parties to~~

~~determine whether each party consents to this form of testimony. The party seeking to present the testimony shall move for permission to present testimony through communication equipment, which motion shall set forth good cause as to why the testimony should be allowed in this form.~~

(~~3~~B)  Administration of the Oath. <u>Before</u> ~~T~~testimony may be ~~taken~~<u>presented</u> through communication ~~equipment only if a notary public or other~~<u>technology, the oath must be administered to the witness as provided in this subdivision.</u>

(i)  <u>Person Administering the Oath is Physically Present with the Witness. An oath may be administered to a witness testifying through communication technology by a</u> person <u>who is physically present with the witness if the</u> person <u>is</u> authorized to administer oaths in the witness's jurisdiction ~~is present with the witness~~ and ~~administers~~ the oath <u>is administered</u> consistent with the laws of ~~the~~<u>that</u> jurisdiction.

(ii)  <u>Person Administering the Oath is not Physically Present with the Witness. An oath may be administered to a witness testifying through audio-video communication technology by a person who is not physically present with the witness if the person is authorized to administer oaths in the State of Florida and the oath is administered through audio-video communication technology in a manner consistent with the general laws of the State of Florida. If the witness is not located in the State of Florida, the witness must consent to be bound by an oath administered under the general laws of the State of Florida.</u>

(~~4~~C)  ~~Confrontation Rights. In juvenile and criminal proceedings the defendant must make an informed waiver of any confrontation rights that may be abridged by the use of communication equipment.~~<u>Limitation on the Form of Communication Technology Used. If the use of communication technology is authorized under this rule for a proceeding in which the mental capacity or competency of a person is at issue, only audio-video communication technology may be used for the presentation of testimony by that person.</u>

(5)   *Video Testimony. If the testimony to be presented utilizes video conferencing or comparable two-way visual capabilities, the court in its discretion may modify the procedures set forth in this rule to accommodate the technology utilized.*

**(c)**   **Use by Jurors.** At the discretion of a chief judge, an administrative judge, or a county or circuit court judge, prospective jurors may participate, prior to the beginning of voir dire, through communication technology in a court proceeding to determine whether the prospective jurors will be disqualified, be excused, or have their jury duty postponed. If authorized by another rule of procedure, prospective jurors may participate in voir dire and empaneled jurors may participate in a trial through audio-video communication technology.

**(e~d~)**   **Burden of Expense.** Unless otherwise directed by the court, ~T~the cost for the use of ~the~audio-video communication ~equipment~technology is the responsibility of the requesting party ~unless otherwise directed by the court~, subject to allocation or taxation as costs.

**(f~e~)**   **Override of Family Violence Indicator.** Communications ~equipment~technology may be used for a hearing on a petition to override a family violence indicator under Florida Family Law Rule of Procedure 12.650.

**FORM 2.601.   REQUEST TO BE EXCUSED FROM E-MAIL SERVICE BY A PARTY NOT REPRESENTED BY AN ATTORNEY**

(CAPTION)

REQUEST TO BE EXCUSED FROM E-MAIL SERVICE FOR A PARTY NOT REPRESENTED BY AN ATTORNEY

. . . . .(name). . . . . requests to be excused pursuant to Fla. R. Gen. Prac. & Jud. Admin. 2.516(b)(1)(D) from the requirements of e-mail service because I am not represented by an attorney and:

☐ I do not have an e-mail account.

☐ I do not have regular access to the internet.

By choosing not to receive documents by e-mail service, I understand that I will receive all copies of notices, orders, judgments, motions, pleadings, or other written communications by delivery or mail at the following address: . . . . .(address). . . . . .

I understand that I must keep the clerk's office and the opposing party or parties notified of my current mailing address.

Pursuant to section 92.525, Florida Statutes, under penalties of perjury, I declare that I have read the foregoing request and that the facts stated in it are true.

Dated: . . . . . . . . . .

Signature: _____

Print name: . . . . . . . . . .

Phone number: . . . . . . . . . .

CLERK'S DETERMINATION

Based on the information provided in this request, I have determined that the applicant is ☐ excused or ☐ not excused from the e-mail service requirements of Fla. R. Gen. Prac. & Jud. Admin. 2.516(b)(1)(C).

Dated: . . . . . . . . . .

Signature of the Clerk of Court: _____

## CERTIFICATE OF SERVICE

I certify that a copy hereof has been furnished to the clerk of court for . . . . . County and . . . . .(insert name(s) and address(es) of parties used for service). . . . . by . . . . .(delivery) (mail). . . . . on . . . . .(date). . . . . .

_____
. . . . .(name of party). . . . .

**A PERSON WHO IS NOT EXCUSED MAY SEEK REVIEW BY A JUDGE BY REQUESTING A HEARING TIME.**

Sign here if you want the Judge to review the clerk's determination that you are not excused from the e-mail service requirements. You do not waive or give up any right to judicial review of the clerk's determination by not signing this part of the form:

Dated: . . . . . . . . . .
Signature: _____
Print Name: _____

**FORM 2.602.   DESIGNATION OF E-MAIL ADDRESS BY A PARTY NOT REPRESENTED BY AN ATTORNEY**

(CAPTION)

### DESIGNATION OF E-MAIL ADDRESS FOR A PARTY NOT REPRESENTED BY AN ATTORNEY

Pursuant to Fla. R. Gen. Prac. & Jud. Admin. 2.516(b)(1)(C), I, . . . . . .(name). . . . ., designate the e-mail address(es) below for electronic service of all documents related to this case.

By completing this form, I am authorizing the court, clerk of court, and all parties to send copies of notices, orders, judgments, motions, pleadings, or other written communications to me by e-mail or through the Florida Courts E-filing Portal.

I understand that I must keep the clerk's office and the opposing party or parties notified of my current e-mail address(es) and that all copies of notices, orders, judgments, motions, pleadings, or other written communications in this case will be served at the e-mail address(es) on record at the clerk's office.

. . . . .(designated e-mail address). . . . .
. . . . .(secondary designated e-mail address(es) (if any)). . . . .

CERTIFICATE OF SERVICE

I certify that a copy hereof has been furnished to the clerk of court for . . . . . . County and . . . . .(insert name(s) and address(es) of parties used for service). . . . . by . . . . .(e-mail) (delivery) (mail). . . . . on . . . . .(date). . . . . .

　　　　　　　　　　　　　　　　　　　　　.....(signature).....
　　　　　　　　　　　　　　　　　　　　　.....(printed name).....
　　　　　　　　　　　　　　　　　　　　　.....(e-mail address).....
　　　　　　　　　　　　　　　　　　　　　.....(address).....
　　　　　　　　　　　　　　　　　　　　　.....(phone number).....

**FORM 2.603.　CHANGE OF MAILING ADDRESS OR DESIGNATED E-MAIL ADDRESS**

(CAPTION)

NOTICE OF CHANGE OF MAILING ADDRESS
OR DESIGNATED E-MAIL ADDRESS

I, _____ certify that my . . . . .(mailing address or designated e-mail address). . . . . has changed to _____ _____.

I understand that I must keep the clerk's office and any opposing party or parties notified of my current mailing address or e-mail address. I will file a written notice with the clerk if my mailing address or e-mail address changes again.

CERTIFICATE OF SERVICE

I certify that a copy hereof has been furnished to the clerk of court for . . . . . . County and . . . . .(insert name(s) and address(es) of parties used for service). . . . . by . . . . .(e-mail) (delivery) (mail). . . . . on . . . . .(date). . . . . .



.....(signature).....
.....(printed name).....
.....(e-mail address).....
.....(address).....
.....(phone number).....

## RULE 3.116.  USE OF COMMUNICATION TECHNOLOGY

**(a)    Definitions.** The definitions for the terms "audio communication technology," "audio-video communication technology," and "communication technology" in Florida Rule of General Practice and Judicial Administration 2.530(a) apply to this rule and to other rules in the Florida Rules of Criminal Procedure that use those terms.

**(b)    Generally.** Use of communication technology in proceedings subject to the Florida Rules of Criminal Procedure is governed by this rule, except that rules 3.130(a), 3.160(a), 3.180(b), 3.220(h), and 3.851(f) govern the use of audio-video communication technology in the manner authorized by those rules.

**(c)  Pretrial Conferences.** A judge may, upon the court's own motion or upon the written request of a party, direct that communication technology be used by one or more parties for attendance at a pretrial conference, except that, before a judge may direct that the defendant participate in the pretrial conference using communication technology, the defendant or the defendant's counsel must waive the defendant's physical attendance at the pretrial conference pursuant to rules 3.180(a)(3) and 3.220(o)(1). A judge must give notice to the parties and consider any objections they may have to the use of communication technology before directing that communication technology be used. The decision to use communication technology over the objection of parties will be in the discretion of the trial court, except as noted below.

**(d)  Testimony.**

(1)  *Generally.* A judge may allow testimony to be taken through communication technology if all parties consent.

(2)  *Procedure.* Any party desiring to present testimony through communication technology must, prior to the hearing or trial at which the testimony is to be presented, contact all parties to determine whether each party consents to this form of testimony. The party seeking to present the testimony must move for permission to present testimony through communication technology, which motion must set forth good cause as to why the testimony should be allowed in this form.

(3)  *Oath.* The oath must be administered for testimony taken through communication technology in the manner provided by Florida Rule of General Practice and Judicial Administration 2.530(b)(2)(B).

(4)  *Confrontation Rights.* The defendant must make an informed waiver of any otherwise applicable confrontation rights.

**(e)  Burden of Expense.** The cost for the use of the communication technology is the responsibility of the requesting party unless otherwise directed by the court.

## Workgroup on the Continuity of Court Operations and Proceedings During and After COVID-19 Note

**2022 Adoption.** This rule is created to authorize the use of communication technology for criminal proceedings while safeguarding the rights of the accused. It is based on Florida Rule of General Practice and Judicial Administration 2.530, as amended by *In re Amends. to Fla. Rules of Jud. Admin.*, 73 So. 3d 210, 211 (Fla. 2011), but updates and revises the text of that version of the rule to: (1) use the terms "audio communication technology," "audio-video communication technology," and "communication technology"; (2) identify other rules in the Florida Rules of Criminal Procedure that will continue to govern the use of audio-video communication technology under specified circumstances; (3) consolidate subdivisions (b) and (c) of rule 2.530, as amended in 2011, to recognize proposed amended rules 3.180(a)(3) and 3.220(*o*)(1) and provide that a court may, on its own motion or the written request of a party, direct the use of communication technology by one or more parties for attendance at a pretrial conference, except that, before a judge may direct that the defendant participate in the pretrial conference using communication technology, a waiver of the defendant's physical attendance must be obtained pursuant to rules 3.180(a)(3) and 3.220(*o*)(1); (4) substitute the term "a pretrial conference" for the phrase "a motion hearing, pretrial conference, or a status conference" used in subdivision (b) of rule 2.530, as amended in 2011, because case law has construed the term in the context of rules 3.180(a)(3) and 3.220(*o*)(1) as including a motion hearing and a status conference; and (5) add authority for the oath to be administered to a witness who is testifying through audio-video communication technology by an authorized person who is not physically present with the witness subject to specified requirements.

## RULE 3.130.   FIRST APPEARANCE

**(a)    Prompt First Appearance.** Except when previously released in a lawful manner, every arrested person ~~shall~~must be taken before a judge, either in person or by ~~electronic audiovisual device~~audio-video communication technology in the discretion of the court, within 24 hours of arrest. In the case of a child in the custody of juvenile authorities, against whom an information or indictment has been filed, the child ~~shall~~must be taken for a first appearance hearing within 24 hours of the filing of the information or indictment. The chief judge of the circuit for each county within the circuit ~~shall~~must designate 1 or more judges from the circuit court, or county court, to be available for the first appearance and proceedings. The state attorney or an assistant state attorney and public defender or an assistant public defender ~~shall~~must attend the first appearance proceeding either in person or by ~~other electronic means~~communication technology, as determined in the discretion of the court. First appearance hearings ~~shall~~must be held with adequate notice to the public defender and state attorney. An official record of the proceedings ~~shall~~must be maintained. If the defendant has retained counsel or expresses a desire to and is financially able, the attendance of the public defender or assistant public defender is not required at the first appearance, and the judge ~~shall~~must follow the procedure outlined in subdivision (c)(2).

**(b)-(d)** [No Change]

**Committee Notes**

[No Change]

## RULE 3.160.    ARRAIGNMENT

**(a)    Nature of Arraignment.** The arraignment ~~shall~~must be conducted in open court or by ~~audiovisual device~~audio-video communication technology in the discretion of the court and ~~shall~~must consist of the judge or clerk or prosecuting attorney reading the indictment or information on which the defendant will be tried to the defendant or stating orally to the defendant the substance of the charge or charges and calling on the defendant to

plead thereto. The reading or statement as to the charge or charges may be waived by the defendant. If the defendant is represented by counsel, counsel may file a written plea of not guilty at or before arraignment and thereupon arraignment shallmust be deemed waived.

**(b)-(e)** [No Change]

## Committee Notes

[No Change]

## RULE 3.180.   PRESENCE OF DEFENDANT

**(a)**   **Presence of Defendant.** In all prosecutions for crime the defendant shallmust be present:

(1) [No Change]

(2)   when a plea is made, unless a written plea of not guilty shall behas been made in writing under the provisions of rule 3.170(a);

(3)   at any pretrial conference, unless the defendant's presence is waived in writing or on the record by the defendant in writing or by the defendant's counsel with the defendant's consent;

(4)-(9) [No Change]

**(b)**   **Presence; Definition.** Except as permitted by rule 3.130 relating to first appearance hearings, aA defendant is present for purposes of this rule if the defendant is physically in attendance for the courtroom proceeding, and has a meaningful opportunity to be heard through counsel on the issues being discussed and the defendant:

(1)   is physically in attendance for the courtroom proceeding;

(2)    waives physical attendance in writing or on the record for a proceeding that requires the defendant's presence under subdivision (a)(2) or (a)(9), the court accepts the waiver, and the defendant appears by audio-video communication technology; or

(3)    appears by audio-video communication technology for a first appearance hearing under rule 3.130.

**(c)-(e)** [No Change]

## Committee Notes

[No Change]

**RULE 3.191.    SPEEDY TRIAL**

**(a)-(h)** [No Change]

**(i)    When Time May Be Extended.** The periods of time established by this rule may be extended, provided the period of time sought to be extended has not expired at the time the extension was procured. An extension may be procured by:

(1)-(4) [No Change]

(5)    administrative order issued by the chief justice, under Florida Rule of General Practice and Judicial Administration 2.205(a)(2)(B)(iv) or (v), suspending the speedy trial procedures as stated therein.

**(j)-(k)** [No Change]

**(*l*)    Exceptional Circumstances.** As permitted by subdivision (i) of this rule, the court may order an extension of the time periods provided under this rule when exceptional circumstances are shown to exist. Exceptional circumstances shallmay not include general congestion of the court's docket, lack

of diligent preparation, failure to obtain available witnesses, or other avoidable or foreseeable delays. Exceptional circumstances are those that, as a matter of substantial justice to the accused or the state or both, require an order by the court. These circumstances include, but are not limited to:

(1)-(6) [No Change]

**(m)-(p)** [No Change]

**Committee Notes**

[No Change]

**RULE 3.220.   DISCOVERY**

**(a)-(g)** [No Change]

**(h)    Discovery Depositions.**

(1)-(2) [No Change]

(3)    *Location of Deposition.* Unless the deposition will be taken by communication technology, Ddepositions of witnesses residing:

(A)    in the county in which the trial is to take place shallmust be taken in the building in which the trial shallwill be held, such other location as is agreed on by the parties, or a location designated by the court. Depositions of witnesses residing; or

(B)    outside the county in which the trial is to take place shallmust be taken in a court reporter's office in the county or state in which the witness resides, such other location as is agreed on by the parties, or a location designated by the court.

(4)-(6) [No Change]

- 44 -

(7)    *Defendant's Physical Presence.* A defendant ~~shall~~may not be physically present at a deposition except on stipulation of the parties or as provided by this rule. The court may order the physical presence of the defendant on a showing of good cause. The court may consider:

(A)-(C) [No Change]

(D)    any alternative ~~electronic or audio/visual means~~communication technology available.

(8) [No Change]

**(i)-(m)** [No Change]

**(n)    Sanctions.**

(1)-(2) [No Change]

(3)    Every request for discovery or response or objection, including a notice of deposition made by a party represented by an attorney, ~~shall~~must be signed by at least 1 attorney of record, as defined by Florida Rule of General Practice and Judicial Administration 2.505, in the attorney's individual name, whose address ~~shall~~must be stated. A party who is not represented by an attorney ~~shall~~must sign the request, response, or objection and list his or her address. The signature of the attorney constitutes a certification that the document complies with Florida Rule of General Practice and of Judicial Administration 2.515. The signature of the attorney or party constitutes a certification that the signer has read the request, response, or objection and that to the best of the signer's knowledge, information, or belief formed after a reasonable inquiry it is:

(A)    consistent with these rules and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law;

(B)    not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and

(C)    not unreasonable or unduly burdensome or expensive, given the needs of the case and the importance of the issues at stake in the litigation.

If a request, response, or objection is not signed, it ~~shall~~must be stricken unless it is signed promptly after the omission is called to the attention of the party making the request, response, or objection, and a party ~~shall~~may not be obligated to take any action with respect to it until it is signed.

If a certification is made in violation of this rule, the court, on motion or on its own initiative, ~~shall~~must impose on the person who made the certification, the firm or agency with which the person is affiliated, the party on whose behalf the request, response, or objection is made, or any or all of the above an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee.

### (*o*)    Pretrial Conference.

(1)    The trial court may hold 1 or more pretrial conferences~~, with trial counsel present,~~ to consider such matters as will promote a fair and expeditious trial. The defendant ~~shall~~must be present at any pretrial conference, unless the ~~defendant waives this~~defendant's presence is waived in writing or on the record by the defendant or by the defendant's counsel with the defendant's consent.

(2)    The court may set, and upon the request of any party ~~shall~~must set, a discovery schedule, including a discovery cut-off date, at the pretrial conference.

### Committee Notes

[No Change]

**Court Commentary**

[No Change]

**RULE 3.851.  COLLATERAL RELIEF AFTER DEATH SENTENCE HAS BEEN IMPOSED AND AFFIRMED ON DIRECT APPEAL**

**(a)-(b)** [No Change]

**(c)  Preliminary Procedures.**

(1)  *Judicial Assignment and Responsibilities.* Within 30 days of the issuance of mandate affirming a judgment and sentence of death on direct appeal, the chief judge ~~shall~~must assign the case to a judge qualified under the Rules of General Practice and Judicial Administration to conduct capital proceedings. The assigned judge is responsible for case management to ensure compliance with statutes, rules, and administrative orders that impose processing steps, time deadlines, and reporting requirements for capital postconviction litigation. From the time of assignment, the judge must issue case management orders for every step of the capital postconviction process, including at the conclusion of all hearings and conferences.

(2)  *Status Conferences.* The assigned judge ~~shall~~must conduct a status conference not later than 90 days after the judicial assignment, and ~~shall~~must hold status conferences at least every 90 days thereafter until the evidentiary hearing has been completed or the motion has been ruled on without a hearing. The attorneys, with leave of the trial court, may appear ~~electronically~~by communication technology at the status conferences. Requests to appear ~~electronically shall~~by communication technology must be liberally granted. Pending motions, disputes involving public records, or any other matters ordered by the court ~~shall~~must be heard at the status conferences.

(3)-(5) [No Change]

**(d)-(e)** [No Change]

**(f)    Procedure; Evidentiary Hearing; Disposition.**

(1)-(4) [No Change]

(5)    *Case Management Conference; Evidentiary Hearing.*

(A)-(C) [No Change]

(D)    Taking Testimony. Upon motion, or upon its own motion and without the consent of any party, the court may permit a witness to testify at the evidentiary hearing by contemporaneous audio-video communication ~~equipment~~technology that makes the witness visible to all parties during the testimony. There must be appropriate safeguards for the court to maintain sufficient control over the equipment and the transmission of the testimony so the court may stop the communication to accommodate objections or prevent prejudice. If testimony is taken through audio-video communication ~~equipment~~technology, ~~there~~the oath must be ~~a notary public or other person authorized to administer oaths in the witness's jurisdiction who is present with the witness and who administers the oath consistent with the laws of the jurisdiction where the witness is located~~ administered in the manner provided by Florida Rule of General Practice and Judicial Administration 2.530(b)(2)(B). The cost for the use of audio-video communication ~~equipment~~technology is the responsibility of either the requesting party or, if upon its own motion, the court.

(E)-(F) [No Change]

(6)-(8) [No Change]

**(g)** [No Change]

**(h)    After Death Warrant Signed.**

(1)    *Judicial Assignment.* The chief judge of the circuit ~~shall~~<u>must</u> assign the case to a judge qualified under the Rules of General Practice and Judicial Administration to conduct capital cases as soon as notification of the death warrant is received.

(2)-(9) [No Change]

**(i)-(j)** [No Change]

## Court Commentary

[No Change]

## Criminal Court Steering Committee Note

[No Change]

## RULE 5.080.    DISCOVERY<u>, AND</u> SUBPOENA~~, AND TAKING TESTIMONY~~

**(a)    Adoption of Civil Rules.** The following Florida Rules of Civil Procedure shall apply in all probate and guardianship proceedings:

(1)-(14) [No Change]

~~(15)  Rule 1.451, taking testimony.~~

**(b)-(c)** [No Change]

## Committee Notes

[No Change]

## ~~RULE 6.140.    CONDUCT OF TRIAL~~

All trials and hearings shall be held in open court and shall be conducted in an orderly manner according to law and applicable rules. All proceedings for the trial of traffic cases shall be held in a place suitable for the purpose.

**Committee Notes**

**1988 Amendment.** There was a major elimination in this particular rule, as the Committee felt that all questions pertaining to the conduct of any trial or hearing were covered by case decision, law, and the rules and that an official should not be permitted to decide on any other basis. It was also felt that the word *place*, should be substituted for the word *room* as in some emergency situations hearings had been held outside, etc.

**RULE 6.340. AFFIDAVIT OF DEFENSE OR ADMISSION AND WAIVER OF APPEARANCE**

**(a) Appearance in Court.** At trial, Aany defendant charged with an infraction may, in lieu of a personal appearance at trialor appearance using communication technology, file an affidavit of defense or an admission that the infraction was committed as provided in this rule.

**(b)-(c)** [No Change]

**(d) Sample Affidavit of Defense or Admission and Waiver of Appearance.**

|  |  |  |
|---|---|---|
|  | * | IN THE COUNTY COURT, |
| STATE OF FLORIDA, | * | COUNTY, FLORIDA |
| Plaintiff, | * |  |
|  | * | CASE NO. |
| vs. | * |  |
|  | * | CITATION NO. |
|  | * |  |
| _____, | * |  |
| Defendant. | * | DRIVER'S LICENSE NO. |
| _____ | * | _____ |

- 50 -

# AFFIDAVIT OF DEFENSE OR ADMISSION
## AND WAIVER OF APPEARANCE

Before me personally appeared_____, who after first being placed under oath, swears or affirms as follows:

1.    My name, address, and telephone number are:
Name: _____
Address: _____

_____
Telephone No.: _____

2.    I am the defendant in the above-referenced case and am charged with the following violation(s): (List the charges as you understand them to be.)

_____
_____
_____
_____

[Note: This is not an admission that you violated any law.]

3.    Check **only one** as your plea:

_____ **I hereby plead NOT GUILTY** and file this affidavit of defense as my sworn statement herein. I understand that when I plead not guilty, I do not have to supply any further statement. I understand that by my filing this affidavit, the hearing officer or judge will have to make a decision as to whether I committed the alleged violation by the sworn testimony of the witnesses, other evidence, and my statement. I understand that I am waiving my ~~personal~~ appearance at the final hearing of this matter.

_____ **I hereby plead GUILTY** and file this affidavit as an explanation of what happened and as a statement that the hearing officer or judge can consider before pronouncing a sentence. I understand that I am not required to make any statement. I understand that the hearing officer or judge will

determine the appropriate sentence and decide whether to adjudicate me guilty.

_____ **I hereby plead NO CONTEST** and file this affidavit as an explanation of what happened and as a statement that the hearing officer or judge can consider before pronouncing a sentence. By pleading no contest, I understand that I am not admitting or denying that the infraction was committed but do not contest the charges, and I understand that I may be sentenced and found guilty even though I entered a plea of no contest. I understand that I am not required to make any statement. I understand that the hearing officer or judge will determine any appropriate sentence and decide whether to adjudicate me guilty.

4.  Defendant's Statement (additional papers, documents, photos, etc. can be attached but should be mentioned herein).

_____
_____
_____
_____
_____
_____

I understand that any material misrepresentation could cause me to be prosecuted for a separate criminal law violation.

/s/_____
Affiant/Defendant

Sworn to (or affirmed) and subscribed before me, the undersigned authority, on _____
Personally known _____
Produced identification _____ Type of ID produced_____
        /s/ _____

Notary Public, Deputy Clerk, or other authority
NAME:
Commission No.
My Commission Expires:

NOTE: It is your responsibility to make sure this affidavit is in the court file before the hearing date.

If Affiant/Defendant is under the age of 18, a parent or guardian must sign this affidavit:

_____
Parent or Guardian

**Committee Notes**

[No Change]

**RULE 7.090. APPEARANCE; DEFENSIVE PLEADINGS; TRIAL DATE**

   **(a)   Appearance.** On the date and time appointed in the summons/notice to appear, the plaintiff and defendant ~~shall~~must appear personally or by counsel, subject to subdivision (b). Such appearance may be in person or through the use of communication technology under Florida Rule of General Practice and Judicial Administration 2.530.

   **(b)-(e)** [No Change]

   **(f)   Appearance at Mediation; Sanctions.** In small claims actions, an attorney may appear on behalf of a party at mediation if the attorney has full authority to settle without further consultation. Unless otherwise ordered by the court, a nonlawyer representative may appear on behalf of a party to a small claims mediation if the representative has the party's signed written authority to appear and has full authority to settle without further consultation. In either event, the party need not appear ~~in person~~.

Mediation may take place at the pretrial conference. Whoever appears for a party must have full authority to settle. Appearance at the mediation may be in person or, if authorized by the court or by written stipulation of the parties, through the use of communication technology as that term is defined in Florida Rule of General Practice and Judicial Administration 2.530. Failure to comply with this subdivision may result in the imposition of costs and attorney fees incurred by the opposing party.

**(g)     Agreement.** Any agreements reached as a result of small claims mediation shallmust be written in the form of a stipulation. The stipulation may be entered as an order of the court. Signatures for the stipulation may be original, electronic, or facsimile and may be in counterparts.

## Committee Notes

[No Change]

## Court Commentary

[No Change]

**RULE 7.100.     COUNTERCLAIMS; SETOFFS; THIRD-PARTY COMPLAINTS; TRANSFER WHEN JURISDICTION EXCEEDED**

**(a)-(d)** [No Change]

**(e)     Third-Party Complaints.** A defendant may cause a statement of claim to be served on a person not a party to the action who is or may be liable to the defendant for all or part of the plaintiff's claim against the defendant. A defendant must obtain leave of court on motion made at the initial appearance date (pretrial conference) and must file the third-party complaint within such time as the court may allow. The clerk shallmust schedule a supplemental pretrial conference, and on the date and time appointed in the notice to appear the third-party plaintiff and the

third-party defendant ~~shall~~<u>must</u> appear personally or by counsel. <u>Such appearance may be in person or through the use of communication technology under Florida Rule of General Practice and Judicial Administration 2.530.</u> If additional time is needed for the third-party defendant to prepare a defense, the court may continue the action. Any party may move to strike the third-party claim or for its severance or separate trial. When a counterclaim is asserted against the plaintiff, the plaintiff may bring in a third-party defendant under circumstances that would entitle a defendant to do so under this rule.

### Committee Notes

[No Change]

### RULE 7.140.    TRIAL

**(a)-(e)** [No Change]

**(f)    How Conducted.** The trial may be conducted informally but with decorum befitting a court of justice. The rules of evidence applicable to trial of civil actions apply but are to be liberally construed. ~~At the discretion of the court,~~<u>Communication technology may be used for the presentation of</u> testimony ~~of any party or witness may be presented over the telephone~~ <u>or other participation in the trial as provided under Florida Rule of General Practice and Judicial Administration 2.530</u>. ~~Additionally, at the discretion of the court an attorney may represent a party or witness over the telephone without being physically present before the court.~~ Any witness ~~utilizing~~<u>using</u> the privilege of testimony by ~~telephone as permitted in this rule~~<u>communication technology</u> ~~shall~~<u>must</u> be treated for all purposes as a live witness, and ~~shall~~<u>may</u> not receive any relaxation of evidentiary rules or other special allowance. A witness may not testify ~~over the telephone in order~~<u>using communication technology</u> to avoid either the application of Florida's perjury laws or the rules of evidence.

### Committee Notes

[No Change]

## RULE 7.150.   JURY TRIALS

**(a)   Written Demand.** Jury trials may be had upon written demand of the plaintiff at the time of the commencement of the suit, or by the defendant within 10 days after service of the summons/notice to appear or at the pretrial conference, if any. Otherwise, the jury trial shall be deemed waived.

**(b)   Juror Participation Through Audio-Video Communication Technology.** Prospective jurors may participate in voir dire or empaneled jurors may participate in the jury trial through audio-video communication technology, as described in Florida Rule of General Practice and Judicial Administration 2.530(c), if stipulated by the parties in writing and authorized by the court. The written stipulation and a written motion requesting authorization must be filed with the court within 10 days after service of a written demand under subdivision (a) or within such other period as may be directed by the court.

### Committee Notes

[No Change]

## RULE 9.320.   ORAL ARGUMENT

**(a)-(d)** [No Change]

**(e)   Use of Communication Technology.**

(1)   *Definition.* As used in this subdivision, the term "communication technology" has the same meaning provided in Florida Rule of General Practice and Judicial Administration 2.530(a).

(2) *Request to Participate by Communication Technology.* A request may be made by a party for one or more of the parties to participate in oral argument through the use of communication technology. Such request must be included in the request for oral argument under subdivision (a). The request must state the reason for requesting participation by communication technology.

(3) *Court Order.* The court, in the exercise of its discretion, may grant or deny the request of a party under subdivision (e)(2) or may, on its own motion, order participation in oral argument through the use of communication technology.

(4) *Public Availability.* If communication technology is used for participation in an oral argument, the proceeding must be recorded and made publicly available through a live broadcast and by posting the recording to the court's website as soon as practicable after the proceeding.

(5) *Technological Malfunction.* If a technological malfunction occurs during an oral argument for which communication technology is used, the court may recess the proceeding to address the malfunction, expand the time for oral argument, reschedule oral argument, or dispense with oral argument.

### Committee Notes

[No Change]

## RULE 9.700.   MEDIATION RULES

**(a)** [No Change]

**(b)   Referral.** The court, upon its own motion or upon motion of a party, may refer a case to mediation at any time and may direct that the mediation be conducted in person, through the use of communication technology as that term is defined in Florida Rule of General Practice and Judicial Administration 2.530, or by a

combination thereof. ~~Such~~A motion from a party ~~shall~~must contain a certificate that the movant has consulted with opposing counsel or unrepresented party and that the movant is authorized to represent with respect to the mediation and, if applicable, with respect to the movant's request to use communication technology that opposing counsel or unrepresented party:

(1)-(3) [No Change]

Absent direction in the court's order of referral, mediation must be conducted in person, unless the parties stipulate or the court, on its own motion or on motion by a party, otherwise orders that the proceedings be conducted by communication technology or by a combination of communication technology and in-person participation.

**(c)-(e)** [No Change]

## RULE 9.720.   MEDIATION PROCEDURES

**(a)   Appearance.** If a party to mediation is a public entity required to conduct its business pursuant to chapter 286, Florida Statutes, that party ~~shall be~~is deemed to appear at a mediation conference by the ~~physical~~ presence of a representative with full authority to negotiate on behalf of the entity and to recommend settlement to the appropriate decision-making body of the entity. Otherwise, ~~unless changed by order of the court,~~ a party is deemed to appear at a mediation conference ~~if~~by the presence of the following persons ~~are physically present or appear electronically upon agreement of the parties~~:

(1)   the party or its representative having full authority to settle without further consultation;

(2)   the party's trial or appellate counsel of record, if any. If a party has more than 1 counsel, the appearance of only 1 counsel is required; and

(3) a representative of the insurance carrier for any insured party who is not such carrier's outside counsel and who has full authority to settle without further consultation.

As used in this subdivision, the term "presence" means physical presence at the mediation conference or participation using communication technology if authorized under rule 9.700(b).

**(b)-(f)** [No Change]

**(g) Certificate of Authority.** Unless otherwise stipulated by the parties, each party, 10 days prior to appearing at a mediation conference, ~~shall~~must file with the court and serve upon all parties a written notice identifying the person or persons who will ~~be attending~~appear at the mediation conference as a party representative or as an insurance carrier representative, and confirming that those persons have the authority required by this rule.

## Committee Note

[No Change]

## RULE 9.740. COMPLETION OF MEDIATION

**(a)** [No Change]

**(b) Agreement.** If a partial or final agreement is reached, it shall be reduced to writing and signed by the parties and their counsel, if any. Signatures may be original, electronic, or facsimile and may be in counterparts. Within 10 days thereafter, the mediator shall file a report with the court on a form approved by the court.

**(c) Enforceability.** The parties may not object to the enforceability of an agreement on the ground that communication technology was used for participation in the mediation conference if such use was authorized under rule 9.700(b).